IN THE MATTER OF THE APPLICATION OF PHILO M. SHEPARD (APPELLANT) TO BE DISCHARGED FROM IMPRISONMENT.

*Discharge of an imprisoned debtor — section 111 of the Code of Civil Procedure, as re-enacted by chapter 672 of 1886, does not apply to orders of arrest.*

On December 19, 1885, the relator was arrested by the sheriff of the county of Wayne, upon an order of arrest, granted in an action brought against him in the Supreme Court by the New York Central and Hudson River Railroad Company, and was confined under such order in the county jail until June, 1886, when, upon his application, a *habeas corpus* was issued to inquire into the cause of his detention.

Upon the hearing at Special Term, upon the return to the writ, the petitioner claimed to be entitled to be discharged from imprisonment under the provisions of section 111 of the Code of Civil Procedure, as re-enacted by chapter 672 of 1886.

*Held*, that an order, made by the Special Term, remanding him to the custody of the sheriff, should be affirmed.

*People ex rel. Rodding* v. *Grant* (10 Civ. Pro. R., 174, note); *Warshauer* v. *Webb* (Id., 169) followed; *The People ex rel. Lust* v. *Grant* (10 Civ. Pro. R., 158; S. C., 1 N. Y. State Rep., 537) not followed.

Section 111, as re-enacted in 1886, does not apply to orders of arrest granted before judgment, but only to executions or mandates to enforce a payment of money, issued after a final judgment or order has been entered or made determining the amount to be paid.

APPEAL by Philo M. Shepard from an order of the Erie Special Term remanding him to the custody of a sheriff after a hearing had been had on the return to a *habeas corpus* issued to inquire as to the cause of his imprisonment.

Shepard was arrested by the sheriff of the county of Wayne, New York, December 19, 1885, upon an order of arrest granted in an action in the Supreme Court, in which the New York Central and Hudson River Railroad Company was plaintiff and Shepard was defendant. He was, under such order, confined in the Wayne county jail until February 19, 1886, when he was brought before the Erie County Court of Sessions to plead to an indictment, and he was then again delivered into the custody of the sheriff of Erie county under an order of said Court of Sessions. He was brought before the Erie County Special Term upon the return to a writ of *habeas corpus*, issued June 29, 1886, to inquire into the cause of his

detention, and after a hearing he was remanded to the custody of the sheriff by the order appealed from.

The following opinion was delivered at the Special Term by CORLETT, J.:

More than six months ago the plaintiff commenced an action against the defendant to recover a large sum alleged to have been wrongfully converted by the defendant. An order of arrest was obtained, and the defendant was held to bail in the sum of $25,000, in default of which he was committed to jail in Wayne county. Afterwards such proceedings were had that his imprisonment was continued in the county of Erie. It appeared upon the hearing, as the court held, that he had been imprisoned upon the order of arrest for more than six months.

The law authorizing a discharge was passed January 14, 1886, and reads as follows: "No person shall be imprisoned within the prison walls of any jail for a longer period than three months, under an execution or any. other mandate against the person to enforce the recovery of a sum of money less than $500 in amount, or under a commitment upon a fine for contempt of court in the non-payment of alimony or counsel's fees in a divorce case where the amount so to be paid is less than the sum of $500; and where the amount in either of said cases is $500 or over, such imprisonment shall not continue for a longer period than six months. It shall be the duty of the sheriff, in whose custody any such person is held, to discharge such person at the expiration of said respective periods without any formal application being made therefor. No person shall be imprisoned within the jail liberties of any jail for a longer period than six months upon any execution or other mandate against the person, and no action shall be commenced against the sheriff upon a bond given for the jail liberties by such person to secure the benefit of such liberties, as provided in articles fourth and fifth of this title, for an escape made after the expiration of six months' imprisonment as aforesaid. Notwithstanding such a discharge in either of the above cases, the judgment creditor in the execution, or the person at whose instance the said mandate was issued, has the same remedy against the property of the person imprisoned which he had before such execution or mandate was issued, but the prisoner shall not be again imprisoned upon a like

process issued in the same action, or arrested in any action upon any judgment under which the same may have been granted, except in a case hereinbefore specified. Nothing in this section shall affect a commitment for contempt of court."

The command in the order of arrest under which the defendant is imprisoned is as follows: "You are required forthwith to arrest the defendant in this action, if he is found within your county, and to hold him to bail in the sum of $25,000 by a written undertaking executed by two or more sufficient sureties to the effect that the defendant shall at all times render himself amenable to any mandate which may be issued to enforce the final judgment against him in the action, and return this order with your proceedings thereunder as prescribed by law."

This order is in proper form, and is a mandate. The defendant's contention is that the above section applies to orders of arrest as well as to executions or mandates to enforce a payment of money, issued after final judgment or order determining the amount to be paid. This order is to the effect that the defendant shall keep himself where he would be amenable to a future execution or mandate, issued to enforce the final judgment in the action. It is not a mandate to enforce the recovery of a sum of money, but to prevent him from placing himself where another mandate cannot be served. Although the plaintiff claims to recover a large amount of money, it does not follow that he will recover anything. It may turn out, on the trial, if one is ever held, that the plaintiff's claim is entirely unfounded. In other words, that the defendant is not guilty of the conversions charged, or any of them. In that case the command in this order will cease to have any effect or impose any obligation. If, on the other hand, the plaintiff should recover a sum of money, the present order could not be used to enforce its payment; another mandate would be issued for that purpose. The present order would be fully satisfied by the defendant keeping himself where the new mandate could be served, and the moment it was served the present order would be satisfied. The title to the section of the new law is "Imprisonment on Execution." That is an important element in determining the design of the legislature. (*Brick* v. *Gannar*, 36 Hun, 52, 55.)

The intent of the legislature is further evidenced by the follow-

ing portion of the section : " Notwithstanding such a discharge in either of the above cases, the judgment creditor in the execution, or the person at whose instance the said mandate was issued, has the same remedy against the property of the person imprisoned which he had before such execution or mandate was issued."

This langage is not consistent with the idea that the legislature intended it should apply to an order of arrest before judgment. The plaintiff had no remedy against the property of the defendant at the time it procured this order of arrest; no demand had been established which entitled the plaintiff to enforce payment out of the defendant's property. In the last quotation the word "mandate" is used in the same connection and sense as execution; the language clearly contemplates that each has reference to enforcing the payment of amounts already established. Here, then, we have the title of the act; the fact that it provides for the enforcement of the payment of a sum of money; that it leaves the right, after discharge, to proceed against the property, as before the process was issued. In addition to this the order is not to enforce the recovery of a sum of money as above shown. There is a broad distinction between a mandate requiring the defendant to hold himself amenable to a new mandate, and one issued to enforce the payment of money after its amount is established. The learned connsel for the defendant argues that the purposes of the law and the reasons for it include an order of arrest. It seems the legislature assumed that it would be easier for a man to get bail to keep himself where future papers could be served, than it would be for him to pay the money. It therefore provides that he could not be imprisoned only so long for failure to pay; besides, if the act applies to an order of arrest, then the provision in the mandate would become of no value after he had been imprisoned under it the length of time required, because the only object of the condition is that he keep his body where a process could reach him. This would be of no avail after his discharge from arrest under this law. Section 572 of the Code of Civil Procedure, as amended by the same chapter, provides for prompt action, in default of which the defendant may obtain his discharge. No doubt is entertained as to the proper construction of the act. It cannot be held to include an order of arrest; it is very clear that the legislature did

not so intend. The same conclusion was reached at a Special Term held in the city of New York on the 25th day of June, 1886, by Justice VAN BRUNT. (*People ex rel. Max Rodding* v. *Grant, Sheriff of the City of New York.*)

The application must be denied.

*E. K. Weaver*, for Shepard, appellant.

*Charles. H Pooley*, for New York Central and Hudson River Railroad Company, respondent.

ANGLE, J.:

Shepard having been imprisoned more than six months under an order of arrest in a civil action, asked for his discharge under chapter 672, Laws 1886 (Code of Civil Pro., § 111), entitled "An act to amend the Code of Civil Procedure." The court, at Special Term, denied his application for reasons stated in the opinion of Justice CORLETT. (*N. Y. Central and H. R. R. R. Co.* v. *Shepherd*, 10 Civ. Pro. R., 153; S. C., 1 N. Y. State Rep., 77.) The case of the *People ex rel. Rodding* v. *Grant* (10 Civ. Pro. R., 174, note), at Special Term, and the case of *Warshauer* v. *Webb* (id., 169), at Special Term of New York City Court, are in the same direction. Adverse to these is the *People ex rel. Lust* v. *Grant* (10 Civ. Pro. R., 158; S. C., 1 N. Y. State Rep., 537.) The discussion which the point has undergone makes it unnecessary to go over the examination and discussion again in a written opinion. Our conclusion is that the order be affirmed.

Order affirmed, with ten dollars costs and disbursements.

HAIGHT, BRADLEY and CHILDS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.